SENTELLE, Senior Circuit Judge,
concurring:
I fully concur with the court’s judgment and much of the explanation and reasoning leading to the same. However, one critical step of the analysis gives me pause. The court applies the reasoning of Chevron step two, Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), to the Office of Personnel Management (“OPM”) interpretation of 5 U.S.C. § 5547(b)(2), based on the parties’ apparent assumption that there was ambiguity in the statute to be resolved by the OPM. See Maj. Op. at 884-85. That resolution by OPM would thus be subjected to the deferential standard of Chevron step two and upheld if reasonable. The court re *889 viewed the OPM interpretation, found it reasonable, and upheld it. Id. at 14. While I do not disagree with the conclusion, I am not sure that the approach is fully compliant with our precedent.
As we have previously stated: “[W]e recently affirmed a line of circuit decisions which hold that ‘deference to an agency’s interpretation of a statute is not appropriate when the agency wrongly believes that interpretation is compelled by Congress.’ ” Peter Pan Bus Lines, Inc. v. Federal Motor Carrier Safety Admin., 471 F.3d 1350, 1354 (D.C.Cir.2006) (quoting PDK Laboratories, Inc. v. DEA, 362 F.3d 786, 798 (D.C.Cir.2004) (other citations omitted)). In the matter before us, the OPM has expressed its conclusion that Congress spoke clearly to the matter at issue and therefore exercised no resolution of ambiguity. Chevron step two deference is thus inappropriate.
Specifically, the OPM stated: “While we understand the agency’s concerns about administrative burdens, the law expressly provides that the annual premium pay cap must be applied to an entire calendar year and that it is based on the applicable rates in effect at the end of the calendar year.” Premium Pay Limitations, 69 Fed. Reg. 55941, 55941 (Sept. 17, 2004). More explicitly, the OPM stated: “Agencies cannot avoid certain administrative burdens based on the express statutory language in 5 U.S.C. 5547(b)(2), and we cannot change the regulations without a legislative amendment to reduce or eliminate these administrative burdens.” Id. It appears to me that under Peter Pan Bus Lines and the cases collected therein, we must either rule up or down on the agency’s interpretation and not affirm on the basis of deference to its exercise of discretion it deemed itself not to have.
Nonetheless, I concur fully in the result, as it appears to me that the agency followed the plain meaning of the statute as required by Chevron step one. Chevron, 467 U.S. at 842-43, 104 S.Ct. 2778.
As the majority rightly observes, courts have at times assumed without deciding the applicability of the Chevron framework. Maj. Op. at 884; see, e.g., Humane Soc’y of U.S. v. Locke, 626 F.3d 1040, 1054 n. 8 (9th Cir.2010). Nonetheless, I am not convinced that the majority’s reasoning today is consistent with our own precedent in the Peter Pan Bus Lines line of cases. In this case, however, because I believe the OPM interpretation is consistent with the plain language of the statute at Chevron step one, I concur in the judgment affirming the district court’s grant of summary judgment to the defendants.